## JOHN BEVANS *vs.* DANIEL McGLOCKLIN.

In an action of *debt* on a bond the declaration contained two counts, the *first* upon the bond in the usual form, and the *second* upon a simple contract for money paid. The defendant, among other pleas, pleaded, "and *as to the first count* of the said declaration, the defendant says the plaintiff ought not to recover, &c., because the debt or thing in action in the said writing obligatory *and said second count mentioned*, was above twelve years standing," &c. HELD:

That the words, "*and said second count mentioned,*" being redundant and contradictory and repugnant to the preceding part of the plea, do not vitiate it, and the plea is a good plea of limitations to the *first count* of the declaration.

APPEAL from the Circuit Court for Allegany county.

*Debt,* brought on the 27th of November 1852, by the appellee against the appellant, on a sealed note for $265, dated the 11th of November 1838, and payable ten days after date. The *nar* contained two counts, the first, in debt on the single bill in the usual form, the second, a general *indebitatus assumpsit* count for money paid, laid out and expended, as of the 16th of July 1850. The defendant pleaded four pleas: The 1st is stated in the opinion of this court. 2nd, limitations of three years to the second count. 3rd, payment to the first count. 4th, *nil debet* to the second count. The plaintiff demurred generally to the *first* plea, which demurrer the court (PERRY, J.) sustained, and from this judgment the defendant prayed an appeal.

To the other pleas there were general replications and issues, on which the case was tried. Two exceptions were taken by the defendant, the first, (the only one which need be noticed,) to the ruling of the court admitting the single bill sued on in evidence. The verdict and judgment were in favor of the plaintiff, and the defendant appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and MASON, J.

*Thomas Devecmon* and *George A. Pearre* for the appellant, argued:

1st. The insertion of the four words, "and said second count," in the first plea, creates the whole difficulty in this case. Omit these words and the plea is perfect. Still they do not vitiate;—they will be rejected as surplussage or redundancy. The maxim, *utile per inutile non vitiatur,* applies. The plea in its introductory part, the appropriate place, is confined expressly to the *first count,* and has no application whatever to the second. 1 *Chitty's Pl.,* 229, 230, 231. 5

*Md. Rep.*, 384, *Mitchell vs. Sellman.* Where a plea in its beginning professes to answer a part of the declaration, but actually answers more, the party cannot demur. 1 *Chitty's Pl.*, 522, 523. 1 *Saund.*, 28, *note* 3. 1 *Strange*, 303, *Woodward vs. Robinson.* But if it professes to answer the whole and does not, the whole plea is bad and the demurrer will lie. 1 *Chitty's Pl.*, 523. 1 *Strange*, 303. 6 *Johns*, 63, *Nevins vs. Keeler.* The *commencement* controls the plea. 1 *Chitty's Pl.*, 460. It was said in the court below, that as this was a dilatory plea, not to the merits, the court would not apply this mode of rejecting as surplussage what was irrelevant. But the rule is of general application, to cases of pleas in abatement and other dilatory pleas as well as to the merits. 1 *Chitty's Pl.*, 231, 459, 523. 9 *East*, 424, *Stokes vs. Mason. Stephens' Pl.*, 217. In *Crain vs. Yates*, 2 *H. & G.*, 336, suit was brought on two bonds, to one of which limitations was a bar, to the other not. The plea did not specify to which bond or count of the declaration it applied. Indeed, as pleaded, it applied to both. Upon special demurrer the plea was held bad, because it was not a bar to one bond at all, and there were two bonds mentioned in the declaration. In the present case, however, there is but one bond mentioned in the *nar*, and therefore, there can be no uncertainty as to the application of the plea, independent of the fact that the plea itself is expressly confined to the first count.

2nd. The act of 1715, ch. 23, sec. 6, declares, that no specialty shall be pleaded or *given in evidence* where the same is above twelve years standing. In this respect it is similar to the stamp law of 1844, ch. 280, under which it was always held unnecessary to plead the want of a stamp, and that the question could be raised by objection to testimony. 2 *Md. Rep.*, 280, *Allen vs. Lambden.* 7 *Do.*, 88, *Union Bank vs. Kerr.* There is no decision in Maryland which declares that limitations under the 6th sec. of the act of 1715, ch. 23, must be pleaded to a bond. The cases in which it is said that limitations must always be pleaded are all upon different acts of Assembly, which do not declare that the instrument *shall not be offered in evidence*, such as the act of 1729, ch. 25, sec. 3,

relating to sheriff's bonds; act of 1729, ch. 24, sec. 21, relating to testamentary and administration bonds; and the act of 1798, ch. 101, sub-ch. 12, sec. 4, relating to guardian's bonds. Decisions under these acts, therefore, are not applicable to the act of 1715, ch. 23, sec. 6. The expression of Judge Archer, in 10 *G. & J.*, 50, *Lamar vs. Manro*, is an *obiter dictum*, and not binding.

*Thomas J. McKaig* for the appellee, argued:

That the court was right in sustaining the demurrer as applicable to the first count in the declaration, because the plea expressly confines itself *"to the second count mentioned."* The court will not look to see what is stated in the second count, but will say it cannot apply to the writing obligatory in the *first* count, because it excludes that construction, by saying *"the writing obligatory and in said second count mentioned."* The plea of limitations is not favored by the courts, and is always strictly and technically construed. 2 *H. & G.*, 336, *Crain vs. Gill. Evans' Pr.*, 149. 4 *G. & J.*, 420, *Chambers vs. Chalmers.* 1 *Bland*, 57, *Strike's case.* 3 *Do.*, 95, *Hepburn's case.* 2 *H. & G.*, 79, *Wall vs. Wall.* The universal practice has been to require the plea to be filed in all cases, and the decision of the court in 10 *G. & J.*, 50, *directly upon this point*, is a conclusive answer to all that has been said in reference to the act of 1715, ch. 23, sec. 6, declaring that no bond over twelve years standing shall be given in evidence.

MASON, J., delivered the opinion of this court.

This is an appeal from the circuit court of Allegany county, in an action of debt upon a single bill or sealed note. The declaration contained two counts, one upon the note itself, and the other upon a simple contract for money paid. The question presented to us upon the appeal arises upon a demurrer to the first plea, which is in these words: " And as to the first count of the said declaration the defendant says, that the plaintiff ought not to recover, &c., because the debt or thing in action in the said writing obligatory and said second count mentioned, was above twelve years standing," &c.

It was supposed by the court below, that the plea is vitiated by the insertion of the words, "and said second count mentioned." In this view the Court of Appeals does not concur.

If those words had been omitted, it is conceded the plea would have been substantially good. The insertion of them makes nonsense of what was before intelligible and correct, and *Chitty*, in his *Pleading*, 1 *Vol.*, *page* 231, says, in such case, that "whatever is redundant, and which need not have been put into the sentence, and contradicting what was before alleged, will not in general vitiate the pleading." So also Chief Justice Holt, in 1 *Salk.*, 324, says: "Where matter is nonsense, by being contradictory and repugnant to something precedent, then the precedent matter, which is sense, shall not be defeated by the repugnancy which follows, but that which is contradictory shall be rejected."

We are of the opinion that the plea, was a good plea of limitations to the first count of the declaration.

What has been said upon the first exception sufficiently disposes of the case, without referring to the second.

*Judgment reversed and procedendo awarded.*